## Case No. 4,193.
### DURHAM v. RANGELY.
[See Case No. 2,177.]

---

## Case No. 4,194.
### DURKEE v. WORKMAN et al.[1]
[1 Law & Eq. Rep. 473; 2 Wkly. Notes Cas. 431; 21 Int. Rev. Rec. 349; 32 Leg. Int. 362.]

Circuit Court, E. D. Pennsylvania.   Oct. 4, 1875.[2]

McKENNAN, Circuit Judge.  The appellant's right to recover in this case, depends upon the construction of the charter-party and bill of lading, by which, "on right and true delivery of the cargo, according to the bills of lading signed by the captain, he was to be paid freight, one shilling, three pence, British sterling, in full, for every barrel delivered, payable in cash, at the current rate of exchange, for sixty days, sight bills in London, noted on the day the vessel is entered at the custom-house at port of discharge, and only half freight to be paid for all barrels delivered in a broken state." The cargo consisted of empty oil barrels, some of which were sound and others "broken" at the time of shipment, and it is contended by the appellant that the reduced freight is applicable to those barrels only which were in a broken condition at that time. I do not think this is the import of the contract. The bill of lading acknowledges the shipment of the cargo "in good order and well conditioned," "being marked and numbered in the margin," of course having reference to the proportion of sound and broken barrels at that time, and stipulates that they shall "be delivered in like good order and well conditioned," at the port of Philadelphia, to the consignee, "he paying freight for said goods, at the rate of one shilling, three pence, British sterling, in full, for every barrel delivered in good condition, half freight for broken barrels." Independent of any liability of the vessel for injury

---

[1] [Syllabus reprinted from 1 Law & Eq. Rep. 473, by permission. The opinion is from 21 Int. Rev. Rec. 349.]
[2] [Affirming Case No. 4,195.]

to the cargo, resulting from negligence only, I think the contract provides for an adjustment of the freight upon the basis of the condition of the cargo at the time of its delivery to the consignee, and that the barrels which were then "broken," were chargeable with only half freight. This was the view taken by the court below, and its decree was, therefore, right.

A decree will not be entered that the libel be dismissed with half costs to the libellant in the district court [Case No. 4,195], but with costs to the appellee in this court.